## Allegheny Housing Rehabilation Corp. v. Wilson

*Verdell Dean,* for plaintiff.
*Paul W. O'Hanlon,* for defendant.

WETTICK, *J.,* May 19, 1992—On October 11, 1991, plaintiff commenced an action to obtain possession of real property by filing a landlord and tenant complaint at the office of District Justice Edward A. Tibbs. The district justice entered a judgment in plaintiff's favor on or about October 29, 1991. On November 27, 1991, defendant filed a notice of appeal. On December 23, 1991, plaintiff filed its complaint in this action seeking a judgment for possession. On January 30, 1992, a board of arbitrators entered an award in plaintiff's favor on its claim for possession. Defendant filed a notice of appeal from the entry of the arbitration award.

The subject of this opinion and order of court is defendant's motion for judgment on the pleadings.

The pleadings establish that the lease between plaintiff and defendant does not waive the notice provisions of the Landlord and Tenant Act.[1] The pleadings further es-

1. Section 501 of the Landlord and Tenant Act (Act of April 6, 1951, P.L. 69, as amended, 68 P.S. §250.501) provides that a

tablish that plaintiff instituted its action against defendant before the district justice on the 28th day after plaintiff served the notice to vacate. Defendant contends that she is entitled to a judgment on the pleadings because under Pennsylvania law plaintiff was not permitted to file its complaint until 30 days after service of the notice to vacate. Plaintiff relies on the case law holding that a landlord may not commence an action for possession until the notice to vacate has been given in accordance with the requirements of the Landlord and Tenant Act. See *Gafoor Realty v. Upshaw,* 140 P.L.J. 122 (1991), and cases cited therein. Defendant construes this case law as holding that a district justice has no subject-matter jurisdiction over the action for possession if it was commenced before compliance with the notice requirements.

However, the lawsuit in this court is a de novo proceeding. In this proceeding, plaintiff's complaint was filed more than three months after service of the notice to quit.

In an appeal from a district justice proceeding, the Common Pleas Court is not concerned with whether the district justice had jurisdiction. The controlling issue is whether the complaint filed in the Common Pleas Court pursuant to the appeal raises claims that the Common Pleas Court has jurisdiction to decide. See the note to Pa.R.C.P.D.J. 1007B, which states that "under subdivision B, the Court of Common Pleas on appeal can exercise its full jurisdiction and all parties will be free to treat

tenant under a lease of less than one year who has breached the terms of the lease (other than nonpayment of rent) shall be given at least 30 days' notice to vacate.

the case as though it had never been before the district justice, subject of course to the Rules of Civil Procedure."

If defendant wished to raise the claim in this court that the district justice lacked subject matter jurisdiction, defendant's recourse was to file a praecipe for writ of certiorari. Pa.R.C.P.D.J. 1009. Since defendant chose to file an appeal and the appeal has been heard de novo, defendant is barred from complaining about the proceedings before the district justice. Pa.R.C.P.D.J. 1015.

There is a good reason for requiring a defendant to make a choice between seeking a de novo hearing on the merits or attacking the validity of the proceedings before the district justice. The filing of an appeal shifts the burden to the plaintiff to move forward with the case by filing a complaint with the expectation that its claim will rise or fall on the merits of the factual allegations within the complaint.

The opposite is true when the defendant wishes to attack the validity of the proceedings before the district justice. The defendant is the moving party. Moreover, the plaintiff receives immediate notice of the alleged defects of the district justice proceedings and, thus, is in a position to immediately institute new proceedings before the district justice if the plaintiff believes that the defendant's complaints concerning the validity of the district justice proceedings may have merit.

In the present case, if plaintiff had been placed on notice, through defendant's filing of a praecipe for writ of certiorari, that defendant was contesting the date on which plaintiff instituted the action, plaintiff could have promptly instituted a new action before the district justice.

Instead, plaintiff first learned that this could be an issue in this case on January 23, 1992, (this being more than three months after the entry of the district justice judgment) when defendant filed an answer and new matter raising the claim of the district justice's lack of subject matter jurisdiction.

Under Pa.R.C.P.D.J. 1015, a judgment may not be the subject of both certiorari and appeal. The note to this rule states that the purpose of this rule is to require the election between a trial de novo on the merits "without regard to any defects in the proceedings below" or an attack on the proceedings below "not going to the merits." This purpose would be defeated if plaintiff is permitted to raise the district justice's lack of subject matter jurisdiction in these de novo arbitration proceedings.

Defendant argues that the ruling which I am making will defeat the purposes of the Landlord and Tenant Act by denying the tenant the full amount of time that the law intends to give the tenant to locate other housing and, when applicable, to cure the breach of the obligation to pay rent.[2] It is true that the landlord who files prematurely before a district justice may be in Common Pleas Court earlier than if the landlord had complied with the notice provisions of the Landlord and Tenant Act. However, the law is not designed to give a tenant both the time period set forth in the Landlord and Tenant Act and the time period set forth in the appeal provisions

2. The tenant's right to cure the breach of the obligation to pay rent is the subject of my opinion in *Three Rivers Manor v. Little*, 139 P.L.J. 296 (1991).

of the district justice and arbitration rules in which to locate other housing or to cure the breach of an obligation to pay rent.

A similar argument was made in *Allegheny County Housing Authority v. Washington,* no. AD89-5405 (C.P. Allegheny County, February 21, 1991). In that case, the tenant filed an appeal from a district justice judgment awarding possession to the Housing Authority and the Housing Authority filed a complaint in this court that included an entirely new ground for possession. The tenant moved to strike this portion of the Housing Authority's complaint because this claim for possession had not been initially raised in the district justice proceedings. I denied the tenant's motion stating that under Pa.R.C.P.D.J. 1007B actions on appeal shall not be limited because of the particulars of the action before the district justice and that "nothing within the rules governing appellate proceedings with respect to judgments of district justices in civil matters (Pa.R.C.P.D.J. 1001-1020) indicates that Rule 1007B is not applicable to actions before district justices for the recovery of possession of real property governed by Pa.R.C.P.D.J. 501-582." In response to the tenant's argument that this construction of Rule 1007B will allow the new claim to come before this court more quickly, I stated that:

"However, the purpose of the requirement that the action be initially instituted before a district justice is to conserve the resources of the courts. It is not to give tenants more time to remain in the premises. This concern is addressed by the notice requirement before a suit may

be filed, the time limitation before a hearing may be held, and the time period after the entry of the judgment before a landlord may obtain possession." *Id.* at 4.

## ORDER OF COURT

On this May 19, 1992, it is hereby ordered that:

(1) Defendant's motion for judgment on the pleadings is denied; and

(2) A non-jury trial will be held before Judge Zeleznik on June 23, 1992, at 9 a.m.